UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROGRESSIVE EXPRESS INS. CO., a/s/o Snyder
Trucking, Inc.,

           Plaintiff,

-vs-                                                    Case No. 2:10-cv-174-FtM-36SPC

NAVISTAR, INC., formerly known as International
Truck and Engine Corp.,

           Defendant.
_____

**ORDER**

      This matter comes before the Court on Defendant Navistar, Inc.'s Motion to Compel Discovery (Doc. #20) filed on September 15, 2010. Though a response pursuant to Local Rule 3.01 was due to be filed by September 22, 2010, as of the date of this Order the Plaintiff has filed nothing in response, and the motion is therefore ripe for review.

      On May 24, 2010, Defendant Navistar served its Amended First Set of Interrogatories and Amended First Request for Production of Documents on Plaintiff Progressive Express. Pursuant to Federal Rule 34, Plaintiff's responses were due 30 days later on June 23, 2010. Plaintiff failed to respond by this date. Defendant has presented the Court with correspondence showing that it has made a good faith effort to obtain this discovery from Plaintiff without Court intervention, but, to date, Progressive has failed to respond to these discovery requests.

      In this case, Plaintiff alleges breach of an express warranty on a dump truck that allegedly caught fire. Defendant now moves the Court to compel Plaintiff to respond, arguing that the requests are relevant and directly related to Plaintiff's allegations and Navistar's defenses as they seek

information concerning the purchase of the dump truck, the fire, the investigation of the fire, and Plaintiff's expert witness.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Court finds that the requested discovery is relevant and Defendant is entitled to this discovery in order to defend its case. Plaintiff is directed to respond to the outstanding discovery requests within two weeks. Failure to do so could result in sanctions being imposed against Plaintiff.

Accordingly, it is now

**ORDERED:**

Defendant Navistar, Inc.'s Motion to Compel Discovery (Doc. #20) is **GRANTED**. Plaintiff shall serve answers to Navistar's Amended First Set of Interrogatories and serve responses to Navistar's Amended First Request for Production of Documents and produce all responsive documents on or before **October 18, 2010**.

Defendant's request for an award of its attorney's fees incurred in filing this Motion is **DENIED without prejudice**. The Court will entertain a second request from Defendant for

attorney's fees if Defendant has to file another motion to compel Plaintiff to respond to its Amended First Set of Interrogatories and/or its Amended First Request for Production of Documents.

    **DONE AND ORDERED** at Fort Myers, Florida, this   4th   day of October, 2010.

                                        SHERI POLSTER CHAPPELL
                                        UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record